```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
                                   :
COLGAN AIR, INC.                   :
                                   :
v.                                 :  CIV. NO. 3:06CV444 (WWE)
                                   :
AIRCRAFT SERVICE                   :
INTERNATIONAL, INC.                :
and                                :
BARNSWELL O. JONES                 :
                                   :
```

## RULING ON DISCOVERY MOTIONS

This case is a property damage action brought by Colgan Air, Inc., ("Colgan"), against Aircraft Service International, Inc. and Barnswell O. Jones (the "defendants"), for damages sustained as a result of an incident that occurred at around 6:30 p.m. on April 1, 2004, at the Bradley International Airport in Windsor Locks, Connecticut. The plaintiff alleges that the defendant Jones negligently drove a truck into the side of plaintiff's plane, causing substantial property damage.

Colgan moves for an order compelling the defendants to answer certain interrogatories and produce documents claimed to be protected by the attorney-client privilege and/or work product doctrine. **[Doc. ##45, 68].**

1

## Plaintiff's Motion to Compel **[Doc. #45]**

### Statements by Defendants' Employees

Defendants contend that statements obtained by defendants and/or their representatives from the defendants' employees who witnessed or were involved in the incident are not subject to discovery in this action. These statements are divided into three categories:

1. Statements obtained by managerial employees of defendant pursuant to company requirements on the night of the incident, April 1, 2004, from David Ritchie, John Moody, Ricky Czarnecki, and on April 2, 2004, from Barnswell Jones.

2. Statements taken by defendants' claim agent on April 5, 2004, from Chris Depace and on April 8, 2004, from David Richie.

3. Statements obtained by Counsel on April 29, 2004, from Barnswell Jones and on April 19, 2005, from Michael McCann.

### Statements Taken by Defendants' Managerial Employees

Defendants first contend that the statements obtained by defendants' managerial employees "pursuant to company requirements" were obtained "with an eye towards litigation, so that if and when litigation arises, such as in the present situation, counsel may appropriately plan the defenses of the action." [Doc. #47 at 6]. These statements were then "immediately turned over to counsel for defendants;" thus, defendants contend that these statements constitute work product. Id. Plaintiff argues that statements taken in the "normal course of business" do not constitute work product. In support, plaintiff submitted portions of the deposition of David Stillwagon, defendants'

2

general manager of operations at Bradley International Airport, who testified that the statements taken after the accident were "routine" and "part of the normal course of investigations of any incident and [the witnesses] would be required to give us a written statement." [Doc. #50, Ex. A, Stillwagon Tr. 19, 22-23]. Mr. Stillwagon testified that there were no lawyers involved on the date of the accident, April 1, 2004. Id. at 19. Defendants' general manager Richard Czarnecki testified that he provided a written statement on the night of the incident at the request of management and reviewed the statement prior to his deposition. [Doc. #50, Ex. A, Czarnecki Tr. at 12]. Defendants did not provide Czarnecki's statement to plaintiff when it was requested at the deposition. Mr. Czarnecki confirmed that statements are routinely given after an accident at the request of management, and he has made them on several other occasions for his employer. Id. at 18.

> A party asserting that a document is protected by the work-product doctrine must demonstrate that the document was prepared "in anticipation of litigation." United States v. Nobles, 422 U.S. 225, 237-38, 95 S. Ct. 2160, 45 L. Ed.2d 141 (1975); Hickman v. Taylor, 329 U.S. 495, 508, 67 S. Ct. 385, 91 L. Ed. 451 (1947). A document is prepared in anticipation of litigation when, "'in light of the nature of the document and the factual situation in the particular case, [it] can fairly be said to have been prepared or obtained because of the prospect of litigation.'" United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998) (quoting 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, 8 Federal Practice & Procedure § 2024, at 343 (1994)). Work-product protection is not available for documents "that are prepared in the ordinary course of business

3

>       or that would have been created in
>       essentially similar form irrespective of the
>       litigation." Id. at 1202.

In re Grand Jury Proceeding, 79 Fed. Appx. 476, 477-478, 2003 WL 22469714,*2 (2d Cir. Oct. 31, 2003).

Here, the record shows that the statements taken on April 1 and 2, 2004, were obtained by managerial employees in the ordinary course of business. There is no evidence that they were obtained at the direction of counsel or that attorneys were involved at that time. Defendants cannot withhold documents on the grounds that the statements were "immediately turned over to counsel" or that, subsequent to the taking of the statements, litigation was commenced. Accordingly, plaintiff's motion to compel is **GRANTED** as to statements obtained by defendants' managerial employees on the night of the incident, April 1, 2004, from David Ritchie, John Moody, Ricky Czarnecki, and on April 2, 2004, from Barnswell Jones.

<u>Statements Taken by Defendants' Claims Agent</u>

Defendants contend that the statements from Chris Depace on April 5, 2004 and David Ritchie on April 8, 2004, are also privileged because they were taken by "defendants' claims agent who was immediately dispatched to investigate and prepare this matter for litigation." [Doc. #47 at 6]. However, defendants fail to provide the name of the claims agent, his employer, and most importantly, whether or not he/she was acting at the direction of an attorney." [Doc. #50 at 5]. On this record,

4

defendants fail to meet their burden of proof for applying the work product doctrine.

As set forth above, the record demonstrates that it is defendants' regular business practice to investigate any accident/incident and that employee witnesses were required to give written statements. See Stillwagon Tr. at 14, 19, 23; Czarnecki Tr. at 12; Richie Tr. at 21. Defendants have not argued or proffered evidence that the claims agent was working at the direction of any attorney or law department. Accordingly, plaintiff's motion to compel is **GRANTED** as to statements taken by defendants' claims agent from Chris Depace on April 5, 2004 and David Ritchie on April 8, 2004.

Statements Obtained by Counsel for Defendants

Plaintiff "does not dispute that statements made directly to defense counsel are privileged provided that the defendants are able to establish that fact." [Doc. #50 at 6]. Defendants will provide a written response under oath, affirming their representation within **ten (10) days**.

Insurance Carrier's Investigative Claim File

Defendants argue that the narrative report and statement prepared by the insurance carrier that are contained in the investigative claims file were prepared in anticipation of litigation and are protected pursuant to Fed. R. Civ. P. 26(b)(3).

Defendants will provide a copy of the insurance carrier's investigative claims file for in camera review by the Court

5

within ten (10) days. Defendants will provide plaintiff with copies of the photographs and diagrams that are part of the investigative claims file and produce the correspondence sent to third parties within ten (10) days.

Accordingly, a ruling on plaintiff's motion to compel production of the remainder of the insurance carrier's investigative claims file is **RESERVED** .

Interrogatory No. 7: Other Accidents

Plaintiff seeks an order compelling defendants to answer Interrogatory No. 7.[1] Defendants object to the interrogatory as

---

[1]Interrogatory No. 7 states,
The following interrogatory is limited to the period between April 1, 1999 through April 1, 2004, and applies only to operations at Bradley International Airport. For all ASII fuel trucks and motor vehicle violations, accidents or incidents, including the subject incident (all collectively referred to as "events" state the following:

a. The date and description of the event;
b. The identity of the person, employee and supervisor involved in the event;
c. The outcome of any such event or claim (that is finding as violation, claim paid, amount of damages, etc.);
d. Identify the insurance companies involved and their insureds;
e. Whether you participated in any law suit and, if so, the date on which it was filed, the name of the parties, the Court in which it was filed, the outcome or current status of any claim or law suit;
f. The identity of all persons or organizations who counseled, disciplined or penalized ASII following any such event. For each person so identified, state the nature and dated of the event;
g. For any such event, state the rule or regulation violated by the ASII; and
h. If any such event resulted in an FAA enforcement action, then provide the event date, FAA docket

"overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." [Doc. #47 at 12]. "The mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)(internal quotation marks and citation omitted).

Accordingly, plaintiff's motion to compel an answer to Interrogatory No. 7 is **GRANTED**. Defendants will answer the interrogatory within ten (10) days.

Plaintiff's Motion to Compel **[Doc. #68]**

Plaintiff's Second Request for Production No. 1, dated June 13, 2007, seeks a "copy of any documents or reports(s) completed following [a] safety audit that was conducted by or for Aircraft Service International, Inc. on April 1, 2004, at Bradley Airport." On April 1, 2004, prior to the incident at issue in this lawsuit, Greg Dreyer, an employee of ASII's corporate office in Detroit, Michigan, was at Bradley Airport and performed an annual safety audit. The three (3) page report is dated April 9,

---

        number, a description of the event and the outcome
        of such action.

2004, and contains two attachments, one of which is a nine (9) page summary of findings and the other is a one page checklist.

Defendants object that the "request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence and is protected within the attorney work product privilege." [Doc. #68, Ex. A]. Defendants further stated that the document is protected by the self-critical analysis privilege. At oral argument, defendants stated that the safety audit is performed quarterly. They agreed that the safety audit was performed prior to the accident and it was a coincidence that the auditor was present the day of the accident.

Defendants will submit the report with attachments to the Court for <u>in camera</u> review within ten (10) days. Accordingly, a ruling on plaintiff's motion to compel is **RESERVED.**


CONCLUSION

Accordingly, plaintiff's Motion to Compel **[Doc. #45]** is **GRANTED** in part and **RESERVED** in part, in accordance with this ruling and order.

A ruling on plaintiff's Motion to Compel **[Doc. #68]** is **RESERVED.**

Documents to be submitted for <u>in camera</u> review will be provided within ten (10) days.

Answers to interrogatories and requests for production are due within ten (10) days.

8

The parties may contact the Court to request a settlement conference.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ORDERED at Bridgeport this 15th day of November 2007.

__/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE