UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COLGAN AIR, INC. | : | |
| | : | |
| v. | : | CIV. NO. 3:06CV444 (WWE) |
| | : | |
| AIRCRAFT SERVICE INTERNATIONAL, INC. and BARNSWELL O. JONES | : : : : | |

FOLLOW-UP RULING ON DISCOVERY MOTIONS

This case is a property damage action brought by Colgan Air, Inc., ("Colgan"), against Aircraft Service International, Inc., and Barnswell O. Jones (the "defendants"), for damages sustained as a result of an incident that occurred at around 6:30 p.m. on April 1, 2004, at the Bradley International Airport in Windsor Locks, Connecticut. The plaintiff alleges that the defendant Jones negligently drove a truck into the side of plaintiff's plane, causing substantial property damage.

On November 17, 2007, the Court ordered defendants to submit certain documents for in camera review. Colgan moves for an order compelling the defendants to produce copies of an insurance carrier's investigative claim file and a safety audit report claimed to be protected by the attorney-client privilege and/or work product doctrine. **[Doc. ##45, 68].**

1

Work Product Privilege

Our Court of Appeals has observed that,

> [w]hile it may well be that work product is more deeply concerned with the revelation of an attorney's opinions and strategies, and that the burden of showing substantial need to overcome the privilege may be greater as to opinions and strategies than as to facts, see Fed. R. Civ. P. 26(b)(3), we see no reason why work product cannot encompass facts as well. It is helpful to remember that the work product privilege applies to preparation not only by lawyers but also by other types of party representatives including, for example, investigators seeking factual information. See Fed. R. Civ. P. 26(b)(3). If an attorney for a suspect, or an investigator hired for the suspect, undertakes a factual investigation, . . . we see no reason why a work product objection would not properly lie if the Government called the attorney or investigator before the grand jury and asked "What facts have you discovered in your investigation?" . . . . Broad categorical statements about the scope of the work product privilege are risky, as individual applications are highly fact specific. In our view, analysis should proceed cautiously, case by case.

In re Grand Jury Subpoena Dated Oct. 22, 2001, 282 F.3d 156, 161 (2d Cir. 2002).

Insurance Carrier's Investigative Claim File

Defendants argue that the narrative report and statement prepared by the insurance carrier which are contained in the investigative claims file were prepared in anticipation of litigation and are protected under Fed. R. Civ. P. 26(b)(3). Pursuant to the Court's order dated November 17, 2007, defendants provided a copy of the insurance carrier's investigative claims file for in camera review. Upon review, the Court finds that the

2

report should be produced, subject to a confidentiality agreement. Defendants have not shown that the insurance carrier's investigation was done at the direction of counsel or on behalf of counsel. Rather, it appears that the insurance investigation was performed in the normal course of business. "To invoke [the work product] privilege, a party generally must show that the documents were prepared principally or exclusively to assist in anticipated or ongoing litigation." <u>U.S. v. Construction Products Research, Inc.</u>, 73 F.3d 464, 473 (2d Cir. 1996) (citing Fed. R. Civ. P. 26(b)(3); <u>Bowne of New York City, Inc. v. AmBase Corp.</u>, 150 F.R.D. 465, 471 (S.D.N.Y. 1993)).

Accordingly, plaintiff's motion to compel **[Doc. #45]** production of the remainder of the insurance carrier's investigative claims file is **GRANTED**. Defendant will produce the claims file within ten (10) days.

<u>Plaintiff's Motion to Compel</u> **[Doc. #68]**

Plaintiff's Second Request for Production No. 1, dated June 13, 2007, seeks a "copy of any documents or reports(s) completed following [a] safety audit that was conducted by or for Aircraft Service International, Inc. on April 1, 2004, at Bradley Airport." Pursuant to the Court's ruling dated November 17, 2007, defendants submitted the report with attachments to the Court for <u>in camera</u> review. Similarly, defendants have not shown that the safety audit was performed at the direction of counsel or on behalf of counsel. Rather, it appears that the safety audit

3

and report were prepared in the normal course of business. <u>U.S. v. Construction Products Research, Inc</u>., 73 F.3d 464, 473 (2d Cir. 1996).

Upon review, the Court finds that the report should be produced to plaintiff, subject to a confidentiality agreement, within ten (10) days. Accordingly, plaintiff's motion to compel **[Doc. #68]** is **GRANTED**.

CONCLUSION

Accordingly, plaintiff's Motion to Compel **[Doc. #45]** production of the remainder of the insurance carrier's investigative claims file is **GRANTED**.

Plaintiff's Motion to Compel **[Doc. #68]** is **GRANTED**.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ORDERED at Bridgeport this 7th day of December 2007.

```
    ___/s/_____
    HOLLY B. FITZSIMMONS
    UNITED STATES MAGISTRATE JUDGE
```